NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL S. MCKEAN,<br><br>    Plaintiff,<br><br>v.<br><br>ERIC H. HOLDER, JR., et. al,<br><br>    Defendants. | Civil Action No.: 10-5032 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge

    This matter comes before the Court on Defendants' motion to dismiss Plaintiff's complaint for lack of subject-matter jurisdiction. Namely, Defendants claim that this Court lacks jurisdiction to review agency decisions that are committed to agency discretion by law; and that, the review Plaintiff seeks is precluded under the Administrative Procedure Act ("APA"). Plaintiff has opposed this matter in a series of submissions, which this Court has accepted in light of Plaintiff's *pro se* status. However, for the reasons set forth below, Defendants' motion to dismiss must be granted.

    In this case, Plaintiff did not meet the requirements necessary to receive an employment-based visa because he did not have a job offer from a United States employer (the "labor certification requirement"). Thereafter, he sought a waiver of the labor certification requirement under 8 U.S.C. § 1153(b)(2)(B)(i). Under this provision, a waiver of the labor certification requirement "may" be granted by the United States Citizenship and Immigration Service (the "USCIS"). 8 U.S.C. § 1153(b)(2)(B)(i) ("[T]he Attorney General may, when the Attorney

General deems it to be in the national interest, waive the requirement . . . that an alien's services . . . be sought be an employer in the United States.").

Plaintiff argues that Zhao v. Gonzales supports his argument that § 1252(a)(2)(B)(ii) does not strip the Courts of authority to review any discretionary immigration decision. 404 F.3d 295, 303 (5th Cir. 2005). Plaintiff is correct that the Court in Zhao wrote "§ 1252(a)(2)(B)(ii) strips us only of jurisdiction to review discretionary authority *specified in the statute*" and not of any and all discretionary immigrations decisions. Id. (emphasis in original). However, Plaintiff's reliance on Zhao is misguided because Zhao ultimately states that § 1252(a)(2)(B)(ii) does strip courts of the "authority *specified under this subchapter* to be in the discretion of the Attorney General." Id. In other words, the Court does not have jurisdiction to review immigration decisions specifically delegated to the Attorney General such as the one before this Court.

Therefore, it is clear that this Court lacks jurisdiction to review agency decisions that are committed to the discretion of the Attorney General by law. See Id.; 8 U.S.C. § 1252(a)(2)(B)(ii) ("[N]o Court shall have jurisdiction to review any decision or action of the Attorney General . . . for which is specified under this subchapter to be at the discretion of the Attorney General. Thus, this dispute turns on whether the use of the word "may" in the relevant statute — 8 U.S.C. § 1153(b)(2)(B)(i) — gives the USCIS the exclusive discretion to waive the labor certification requirement. This Court finds that it does.

Federal Courts have repeatedly held that the use of the word "may" in a statute intends to grant substantial discretion. For example, in Zhu v. Gonzales, the D.C. Circuit held that the same jurisdiction stripping provision at issue here — § 1252(a)(2)(B)(ii) — deprived the Court of jurisdiction to hear Plaintiff's appeal of a USCIS decision refusing to waive the labor

certification requirement.  411 F.3d 292 (D.C. Cir. 2005).  The Court wrote "[t]hat the Attorney General has complete discretion with respect to the labor certification requirement is established by the terms of the waiver provision."  Id. at 295.

Plaintiff's argues that he is entitled to appeal the USCIS decision because the relevant jurisdictional statute contains the words "may" and "deems" rather than "discretion."  This argument constitutes a narrow reading of the statute that other Courts have already rejected.  For example in Jilin Pharm. USA, Inc. v. Chertoff, the Court found that the decision to revoke a prior approval of a visa petition is left to the discretion of the Secretary of Homeland Security even though the relevant statutory provision does not include the word "discretion."  447 F.3d 196, 205 (3d Cir. 2006).  Similarly, in Haig v. Agee, the Court held that the use of the word "may" within a statute "expressly recognizes substantial discretion," and use of the word "deem . . . fairly exudes deference to the agency involved."  452 U.S. 280, 294 n.26 (1981).

Lastly, the Court finds that Plaintiff's action is also barred by the APA.  5 U.S.C. §701(a)(2). Under the APA, Courts are precluded from reviewing agency actions "to the extent the agency action is committed to agency discretion by law."  Id.  This is because "a court would have no meaningful standard of review against which to judge the agency's exercise of discretion."  Heckler v. Chaney, 470 U.S. 821, 830 (1985).  In this case, the Court has no standard against which to judge the agency's determination that Plaintiff was not entitled to a waiver of the labor certification requirement.  Thus, this Court is devoid of jurisdiction.

For the reasons set forth above, Defendants' motion to dismiss for lack of subject-matter jurisdiction is granted.  An appropriate order accompanies this opinion.

DATED: July 12, 2011

                                              s/ Jose L. Linares  
                                              JOSE L. LINARES  
                                              U.S. DISTRICT JUDGE